Marina Correa DE VARGAS, Plaintiff,

v.

PANAMA CANAL COMPANY,
Defendant.

Civ. No. 78–0308–B.

District Court, Canal Zone,
Division Balboa.

Aug. 15, 1980.
As Amended Sept. 25, 1980.

H. L. Newell, Balboa, Panama, for plaintiff.

W. D. Baldwin, Asst. U. S. Atty., District of the Canal Zone, Balboa, Panama, for defendant.

OPINION AND ORDER

PITTMAN, Chief Judge.

The plaintiff Marina Correa De Vargas (Vargas) is a citizen and resident of the Republic of Panama.

The defendant Panama Canal Company (Company) is a corporate sovereign special-

ly authorized to sue and be sued in its own name in this court under provisions of 2 Canal Zone Code § 65.

This cause of action arises out of the motor vehicle collision in the City of Panama between a motor vehicle owned and operated by Vargas and a motor vehicle owned by the Company.

Plaintiff Vargas alleges that the driver of the defendant Company's motor vehicle, Manuel Lucio Rodriguez, an agent, servant, or employee of the defendant Company operating the motor vehicle within the line and scope of his employment, was so carelessly and negligently operating said vehicle that it collided with the plaintiff Vargas's automobile. As a proximate result thereof, she suffered personal injuries and property damage.

## FINDINGS OF FACT

### Uncontested

On August 29, 1977, plaintiff Vargas was driving her motor vehicle in the City of Panama, Republic of Panama, on a road or street known as Ricardo J. Alfaro. An agent, servant, or employee of the defendant Company, Rodriguez, acting within the line and scope of his employment, was operating the motor vehicle belonging to the Company on the same road traveling in the same direction as the plaintiff at or near the entrance to the National Brewery. When the two motor vehicles were near the entrance to the National Brewery, the front end of the Company's car struck the rear end of Vargas's motor vehicle as she was making a right turn into the entrance of the brewery.

Both drivers were cited and appeared in the Traffic Court of the Republic of Panama. The Traffic Court judge found against the plaintiff. That decision was appealed to the Mayor's Court and ultimately to the President. The appellate courts reversed. By an administrative procedure these courts found the driver Rodriguez guilty of reckless driving and assessed damages to the plaintiff's automobile at $247.31. The disability or incapacity of the plaintiff Vargas was established at five days.

### Findings By the Court on Contested Facts

The plaintiff and defendant were both traveling northerly in the City of Panama on a four–lane street. The plaintiff was in the lead car. They were both in the outside lane. The plaintiff slowed down and the defendant changed to the inside lane. The plaintiff was approaching a turnout to the right onto a parking lot near a brewery. There was a bus stopped just south of the turnout. As the plaintiff approached the bus she swung a portion of her car across the dividing line between the two lanes and turned toward the turnout just beyond the bus. At that point while the plaintiff's car was across the center line, the defendant struck the rear of the plaintiff's automobile.

It was the plaintiff's negligence which was the proximate cause of the collision. The defendant was driving his automobile in a reasonable manner at a reasonable speed and maintaining a reasonable lookout.

## CONCLUSIONS OF LAW

The court has jurisdiction over the parties and the subject matter.

Reasonable written and proper notice was given according to F.R.C.P. 44.1 that the issue of foreign law was going to be raised and that the notice properly specified the segment of the controversy thought to be governed by foreign law and identified the Republic of Panama as the country whose law it contended controlled.

Under 5 Canal Zone Code 2761, judicial notice may be taken without the request of any party of the laws of foreign countries.

The plaintiff offered expert testimony by a Panamanian attorney who was qualified and accepted as an expert on Panamanian law.

The following articles of the Civil Code of Panama have been considered, to wit:

"ART. 1644: He who through act or omission causes damages to another through fault or negligence is obliged to repair the damage caused.

"If the act or omission is imputable to two or more persons, each one of them shall be solidarily responsible for the damage caused."

"ART. 1971: Out of every offense a penal action arises against the persons who should result responsible, and the civil action for the restitution of the chose, the repair of the damage caused, and the indemnization for the injury caused by the punishable deed."

"ART. 1972: The civil action for the reparation of the injuries caused by the offense cannot be brought except by the person damaged or his heirs or assigns."

"ART. 1973: For the restitution of the chose, the reparation of the damages caused or the indemnization for the injuries caused by the punishable deed, civil action may be brought separately before a competent judge, but the exercise of such action shall be suspended until there has been a definitive judgment on the criminal action brought before or after same has been filed."

The issue herein involves whether the federal principles of res judicata are to be applied to prevent the Panama Canal Company from relitigating the issue of its servant's negligence in an automobile accident or whether the Company is bound by the prior adjudication.

The initial determination is whether the federal law of res judicata applies to a judgment of the Panamanian Court. The Canal Zone Code abolishes the defense of sovereign immunity and consents to allowing the Company to be sued in the federal courts. 2 Canal Zone Code § 65. This provision of the Code is similar to a provision of the Federal Tort Claims Act. In cases under the Federal Tort Claims Act, the courts apply federal principles of res judicata and collateral estoppel even though state law governs the general liability under the Act. By analogy this court should apply federal principles of res judicata in Canal Zone cases though Panamanian law determines the liability of the parties. Johnson v. United States, 576 F.2d 606 (5th Cir. 1978).

This court has considered the effect of the offensive use of res judicata as precluding the Company from relitigating the negligence issue and pursuant to the principles of respondeat superior holding the Company ultimately liable. Where the party to be bound in a subsequent proceeding is different from the party against whom the original decision was made, "privity" must exist before this other party can be held bound by the decision. Privity consists of a sufficiently close relationship between the parties so that the effect of the res judicata application will be both ndamentally fair and assure due process of law. Bruszewski v. United States, 181 F.2d 419, 422 (3rd Cir. 1950). "Because res judicata denies to a nonparty his day in court, the due process clause prevents preclusion when the relationship between the party and the nonparty becomes to attenuated." Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Fairness to the party against whom preclusion is sought is the prime consideration.

The Restatement (Second) of Judgments § 85 (tentative draft No. 2, 1975) has been used by the Fifth Circuit in determining whether privity exists. Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84 (5th Cir. 1977). Basically, these factors enumerated in section 85 consist of fiduciary or representative relationships but two instances are especially applicable here: (1) a non–party who controlled the initial suit will be bound by the resulting judgment. Dudley v. Smith, 504 F.2d 979 (5th Cir. 1974), (2) a non-party will be bound whose interests were adequately represented by a party in the initial suit. Aerojet–General Corp. v. Askew, 511 F.2d 710 (5th Cir. 1975). The Company had no control over the original criminal or traffic court case, was not a party, took no part in the proceeding, and was not represented as such, although its servant was a party defendant. A master–servant relationship, standing alone, is insufficient to establish privity. There is not present either the fiduciary quality or representative nature envisioned in the concept of privity.

■ The Company has not had its day in court. It has not had a full and fair opportunity to litigate the issues previously adjudicated. Litigants who never appeared in the original action may not be precluded. *Blonder–Tongue Laboratories, Inc. v. University Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). This *offensive* use of *res judicata* calls for the court to exercise special scrutiny to ascertain whether the Company did in fact have a full and fair opportunity to litigate and that preclusion will not lead to unjust results. *Johnson, supra* at 614. The Company had no initiative to fully litigate and no chance to change or choose the forum of the original action.

■ Therefore this court holds that the reckless driving charge which the defendant was found guilty of in the Panama Traffic Court is not *res judicata* for the above reasons as to the defendant Panama Canal Company.

It was the negligence of the plaintiff which was the proximate cause of the collision and the subsequent injuries of which the plaintiff claims.

It is therefore ORDERED, ADJUDGED, and DECREED that this court finds in favor of the defendant Panama Canal Company and against the plaintiff Marina Correa De Vargas.

Costs are taxed against the plaintiff.