Gary F. KAISER, et al., Respondents,

v.

NORTHERN STATES POWER
COMPANY, Appellant.

Nos. C6–83–440, C4–83–565.

Supreme Court of Minnesota.

Aug. 3, 1984.

Clyde F. Anderson, Donald Chance Mark, Jr., Laura S. Underkuffler, Minneapolis, for appellant.

Pierre N. Regnier, St. Paul, for respondents.

KELLEY, Justice.

In this action brought by eight City of St. Paul firefighters against Northern States Power Company (NSP) for injuries allegedly sustained while fighting the Commodore Hotel fire in 1978, the trial court denied NSP's motion for summary judgment and ruled (1) that the firefighters' claims were not barred by res judicata or collateral estoppel; (2) that the "fireman's rule" as a matter of law did not bar the firefighters' recovery; and (3) that the "election of remedies" defense of Minn.Stat. § 176.061 (1982) did not bar the claims. The trial court certified to us the questions presented by NSP's motion as important and doubtful within the meaning of Minn.R.Civ. App.P. 103.03(i). The trial court further granted the firefighters' motion for summary judgment on the issue of liability and ruled that the finding of NSP's negligence in a prior action estopped NSP from relitigating its liability in this action. We granted NSP's petition for discretionary review of that ruling.

We affirm the trial court's ruling that the firefighters' claims are not barred by res judicata or collateral estoppel, but only to the extent those claims were not compensated under workers' compensation law,

and the ruling that the "election of remedies" defense of section 176.061 did not bar the claims. We reverse the rulings that the "fireman's rule" is inapplicable as a matter of law and that NSP was collaterally estopped from relitigating its liability.

A natural gas explosion occurred at the Commodore Hotel on February 15, 1978, when a compression coupling separated and leaked gas which ignited, causing an explosion at 3:42 p.m. St. Paul firefighters and NSP personnel arrived at the scene by 3:50 p.m. Before NSP was able to shut off the gas, a second explosion occurred at 3:58 p.m., causing major property damage and numerous personal injuries. NSP employees eventually were able to shut off the gas at 4:10 p.m.

A number of lawsuits by the owner of the premises, building tenants, bystanders and others were commenced against NSP and others. Those cases were consolidated for trial. One of those suits was brought by the City of St. Paul, asserting a subrogation claim against NSP for workers' compensation payments made by the city to individual firefighters injured while fighting the fire. Prior to trial of the consolidated actions, NSP moved for summary judgment on this subrogation action, arguing that the "fireman's rule" barred the city's claim. The trial court granted summary judgment in favor of NSP. No appeal was taken from that summary judgment.

Subsequently, these respondent firefighters commenced this action to recover damages. NSP now argues that the former subrogation action judgment bars maintenance of this action under principles of res judicata or collateral estoppel. The trial court ruled the prior judgment was not a bar.

■■■ 1. A fundamental rule embodied in the related doctrines of res judicata and collateral estoppel is that a " 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction * * * cannot be disputed in a subsequent suit between the same parties or their privies * * *.' " *Montana v. Unit-*

*ed States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (quoting *Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897)). Under res judicata or "claim preclusion," a final judgment on the merits bars a second suit for the same claim by parties or their privies. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Hauser v. Mealey*, 263 N.W.2d 803, 806–07 (Minn.1978). Under collateral estoppel or "issue preclusion," once an issue is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Parklane Hosiery*, 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5; *Hauser*, 263 N.W.2d at 806. We have applied collateral estoppel where: "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Willems v. Commissioner of Public Safety*, 333 N.W.2d 619, 621 (Minn.1983) (quoting *Victory Highway Village, Inc. v. Weaver*, 480 F.Supp. 71, 74 (D.Minn.1979)). Thus, for either res judicata or collateral estoppel to act as a bar to these firefighters' claims, we must determine whether the firefighters were in privity with the City of St. Paul at the time of its action against NSP.

In claiming privity did exist, NSP asserts that the city represented the interests of the firefighters in its subrogation action and that the city's claims were derivative of claims the firefighters might have had. In resisting this claim, respondent firefighters contend they were not in privity with the city because (1) they were never advised that the city was making a claim on their behalf; (2) the city, in fact, never asserted a claim on their behalf; and (3) they were never advised that a motion for summary judgment against the city was heard and granted in the first action. For

these reasons, respondents argue, they have not had a "full and fair opportunity to be heard." *See Lustik v. Rankila,* 269 Minn. 515, 521, 131 N.W.2d 741, 745 (1964).

In order to determine whether the city and its firefighters were in privity, it is necessary to examine their relationship as defined in the workers' compensation statute. Minn.Stat. § 176.061, subd. 5 (1982) allows an employee to bring an action against a third party who is liable for the employee's injuries, notwithstanding the employee's receipt of workers' compensation benefits. The same subdivision likewise allows an employer to maintain an action against a third party to recover compensation benefits paid to the employee. The statute allows intervention by either employer or employee in the other's action should the court deem it advisable.

▮ In order to protect their own interests, as well as to avoid multiple suits, hindsight demonstrates that the respondents should have intervened in the city's suit against NSP. However, neither the statute nor our case law mandates employee intervention. Absent such a requirement, an employee should not lose any independent tort claims he may have by merely failing to intervene in an action commenced by his employer.

▮ Under section 176.061, the employer is subrogated to the rights of its employee to the extent of compensation paid. It is entitled to no greater rights than the employee. *Metropolitan Transit Commission v. Bachman's,* 311 N.W.2d 852, 854 (Minn.1981). Thus, if the firefighters had brought the first action against NSP and the latter had been absolved of liability, the city, since it "steps into the shoes" of its employees, *id.,* would be barred from bringing a later action. In other words, a determination in an action pursued by an employee that the employee has no rights against a third party also determines the employer's rights, which derive solely from the employee; namely, the employer has none. *See, e.g., Iowa Electric Light & Power Co. v. Mobile Aerial Towers, Inc.,* 723 F.2d 50 (8th Cir.1983).

▮ Of course, here the converse situation exists. Respondent firefighters are bringing their actions only after the rights of their employer have been fully adjudicated. Normally, when an employee sues a third party after receiving workers' compensation benefits, the employee sues on his own behalf as well as on his employer's behalf. *Liberty Mutual Insurance Co. v. Nutting Truck & Caster Co.,* 295 Minn. 211, 215–16, 203 N.W.2d 542, 544 (1973). To the extent the employee recovers damages for medical expenses and wage loss for which that employee has been compensated by the employer, the employee receives damages as a trustee for the employer. *Id.* To this extent, the employer and employee must be said to be in privity. By ruling that res judicata does not bar the firefighters' claims, the trial court, in effect, provides the City of St. Paul a second chance at obtaining reimbursement from NSP for compensation paid. Yet res judicata bars a second suit for the same claim by the same party. Thus, to the extent that the firefighters' claims encompass claims for damages already compensated by the city and already adjudicated by the court in the employer's subrogation action, the firefighters are barred from asserting those claims by the principle of res judicata.

▮ Respondents, however, assert broader rights to recovery than those asserted earlier by the city. An employee may pursue full common law recovery against a third-party tortfeasor for damages not cognizable under the Workers' Compensation Act. Thus, while the firefighters could assert claims for pain and suffering, loss of earning capacity, loss of consortium, emotional distress and other items not compensable under workers' compensation law, the city, having no subrogation interest in these non-compensable claims, could not have asserted these claims. *See Henning v. Wineman,* 306 N.W.2d 550 (Minn.1981); *Naig v. Bloomington Sanitation,* 258 N.W.2d 891 (Minn. 1977). Because these are claims different

from those previously brought by the city, res judicata does not bar respondents' claims for damages not compensable under workers' compensation.

However, respondents' separate claims do raise an issue identical to that determined in the city's action, namely, whether the "fireman's rule" is applicable. If privity exists between the city and the firefighters with respect to respondents' separate claims, that determination should collaterally estop respondents in this action from relitigating that issue.

 We conclude the firefighters were not in privity with the city with respect to their separate claims. We have previously recognized that the Minnesota workers' compensation statutory scheme does not make the employer the employee's agent and that under that scheme the employee's interest may well be adverse to the employer's. *See Olson v. Horton,* 258 N.W.2d 610, 614 (Minn.1977). In other contexts, courts have held that privity does not necessarily exist in the employer-employee relationship.[1] Reasons militating against finding employer-employee privity include that the first action was not brought on behalf of the party sought to be precluded; that the party to be precluded did not control the first action; that the party did not have a direct financial interest in the prior lawsuit; and that the party did not have the right to appeal from the prior judgment. *See, e.g., Summers v. Penn Central Transportation Co.,* 518 F.Supp. 864, 867 (S.D.Ohio 1981). All of those reasons are present in the instant case. Respondents had no financial interest in the city's action; any damages recovered in that ac-

tion were to reimburse the city for compensation paid. The former action was not commenced on behalf of the firefighters, nor did they have any control of the proceedings. They had no notice of the summary judgment motion; had no right to be heard at oral argument on the motion; and had neither right nor opportunity to appeal from the prior judgment. We conclude that due to the absence of privity, collateral estoppel does not preclude the firefighters from asserting their claims for damages which are not compensable by the City of St. Paul under workers' compensation.[2]

2. Appellant NSP next contends that the trial court erred in not granting it summary judgment because the "fireman's rule" barred respondents' recovery for their injuries.[3] The firefighters contend that the "fireman's rule" should not apply because (1) they did not anticipate the particular risk of the second explosion, of which NSP personnel, knowing of the inevitability of a second explosion, failed to warn them, and (2) that NSP was actively negligent at the scene of the fire.

At the time of the Commodore Hotel fire, owners of instrumentalities on the premises where the fire occurred owed the firefighters a duty to exercise reasonable care, except to the extent the firefighters primarily assumed the risks when entering on land in response to the fire. The risks so assumed were those reasonably apparent risks that were part of firefighting. However, the firefighters did not assume, in the primary sense, risks that were hidden from or unanticipated by them. *Armstrong v. Mailand,* 284 N.W.2d 343, 350 (Minn.1979).

---

**1.** *See Hayles v. Randall Motor Co.,* 455 F.2d 169, 174 (10th Cir.1971); *Makariw v. Rinard,* 336 F.2d 333, 336 (3d Cir.1964); *Summers v. Penn Central Transportation Co.,* 518 F.Supp. 864, 867 (S.D.Ohio 1981); *DeVargas v. Panama Canal Co.,* 495 F.Supp. 779, 781 (D.C.Canal Zone 1980); *Pesce v. Brecher,* 302 Mass. 211, 19 N.E.2d 36 (1939); *see also Schumann v. McGinn,* 307 Minn. 446, 470–71, 240 N.W.2d 525, 539 (1976).

**2.** We recognize the administrative difficulty of separating the firefighters' claims into items compensable under workers' compensation and those not compensable. But we note that in the

settlement context, district courts have the authority and the ability to allocate the proceeds of a settlement between amounts recoverable and amounts not recoverable under workers' compensation. *Henning v. Wineman,* 306 N.W.2d 550, 553 (Minn.1981).

**3.** The legislature abrogated the common law "fireman's rule" as applied to firefighters by Act of May 18, 1983, ch. 159, 1983 Minn.Laws 411. Because respondents' claims accrued before May 19, 1983, the Act's effective date, the "fireman's rule" applies to the present case.

In *Griffiths v. Lovelette Transfer Co.*, 313 N.W.2d 602, 605 (Minn.1981), this court observed that the particular facts of each case must be examined to ascertain if the particular risks were either hidden or unanticipated by the firefighters.

Even if the finder of fact determines the risk of explosion was reasonably apparent, still the "fireman's rule" might not bar respondents' claims if NSP was actively negligent at the scene of the fire and that negligence caused the firefighters' injuries. A landowner or person in control owes firefighters a duty "to exercise ordinary care to avoid imperiling [them] by any active conduct." *Mulcrone v. Wagner*, 212 Minn. 478, 482, 4 N.W.2d 97, 99 (1942).[4] The "fireman's rule" should not shield from liability a landowner or other defendant whose misconduct at the fire scene materially enhances the risk or creates a new risk of harm and causes injury to firefighters. The policy reasons we have stated in the past in justification of the "fireman's rule," *see Shypulski v. Waldorf Paper Products Co.*, 232 Minn. 394, 398, 45 N.W.2d 549, 551 (1951); *Hannah v. Jensen*, 298 N.W.2d 52, 55 (Minn.1980), are not defeated by refusing to shield such defendants from liability.

Following the granting of NSP's motion for summary judgment against the City of St. Paul in the prior action, the remaining cases were tried by the court without a jury. In that trial, the court found NSP negligent to the building owner, tenants and bystanders. Many of the court's findings related to the cause of the initial fire. Under the "fireman's rule," it is clear that NSP's negligence in causing that fire, of itself, provides no basis for recovery by these firefighters. *See Armstrong*, 284 N.W.2d at 352. However, the court made further findings supporting the conclusion that NSP created hidden risks unanticipated by the firefighters and was negligent at the scene of the fire. The trial court in this subsequent action held that these earlier findings "clearly establish" the negligence of NSP to the firefighters and the inapplicability of the "fireman's rule."

In the present case, applicability of the "fireman's rule" raises questions of whether risk of a second explosion was reasonably apparent to the firefighters and whether NSP's alleged negligence at the fire scene created a new risk or materially enhanced the risk of harm to the firefighters. These precise issues were not litigated nor determined in the prior action; thus, determinations of NSP's negligence to other parties in the first action should not now preclude NSP from litigating these issues. Moreover, deposition testimony given by six firefighters in the first action and submitted in this action by way of affidavits indicates that the firefighters were aware that gas was continually fueling the Commodore Hotel fire. Some of these witnesses, familiar with fighting fire, testified they would have done nothing differently even if they had known high pressure gas was feeding the fire. Implicit in this deposition testimony is the acknowledgement by the firefighters of the dangers of the gas-fueled fire and a willingness on their part to assume the risk of fighting it nonetheless, even if there were likelihood of further explosion. In our view, this testimony raises genuine issues of material fact. On the record in this case, then, we conclude it was error to find as a matter of law that the risk of a second explosion was not reasonably apparent to the firefighters. That issue was not litigated nor determined in the prior case. In this case, it remains a factual issue for resolution by the finder of fact. *See Griffiths*, 313 N.W.2d at 605.

In addition, although the firefighters allege NSP negligently failed to warn of the impending explosion, the deposition testimony suggests the firefighters would not have fought the fire differently, even had

---

4. Although the statement in *Mulcrone v. Wagner*, 212 Minn. 478, 4 N.W.2d 97 (1942), to that effect is dicta, the California courts have held an owner of property is not shielded from liability by the "fireman's rule" where the owner commits independent acts of misconduct after firefighters have arrived at the scene. *Lipson v. Superior Court of Orange County*, 31 Cal.3d 362, 182 Cal.Rptr. 629, 644 P.2d 822 (1982).

they been warned of the high pressure condition of the gas. Although certainly not conclusive, the testimony raises genuine issues of causation and contributory negligence which ought to be resolved by a factfinder who has heard and considered all relevant evidence. As we discuss in division 4 of this opinion, the contributory negligence, if any, of any individual firefighter was not litigated in the prior action. Therefore, we hold that NSP may be liable to these firefighters if its employees were causally negligent after the firefighters arrived at the scene of the fire, but whether or not they were is an issue to be resolved by the finder of fact in this trial. Indeed, the trial court itself admitted that it "would have preferred a fuller record as to the extent of each individual plaintiff's knowledge." We feel remand is necessary to provide the parties with an opportunity to build that fuller record.

3. NSP next contends the trial court should have granted its summary judgment motion because respondents' claims are barred by the "election of remedies" defense contained in section 176.061.[5] The trial court held this defense was inapplicable.

▇▇▇▇ To serve as a bar to employee claims against third parties, three requirements must be shown: "(1) the employers must be engaged in the same project; (2) the employees must be working together (common activity); and (3) in such fashion that they are subject to the same or similar hazards." *Peterson v. Kludt*, 317 N.W.2d 43, 47 (Minn.1982) (citations omitted). But where two employers perform different

types of work and where the performance of these jobs is only generally related, the "common activity" requirement is not met. *See McCourtie v. United States Steel Corp.*, 253 Minn. 501, 510, 93 N.W.2d 552, 559 (1958). Both NSP employees and the city firefighters had a common goal, namely to contain the Commodore Hotel fire. However, each had distinct functions to perform. The emergency required NSP employees to reach the shut-off valve and cut off the gas flow. Once NSP personnel had performed that function, they had no obligation to otherwise help fight the fire. Trained firefighters performed this function, working both inside and outside the building to evacuate tenants and extinguish the fire. In carrying out their functions, the firefighters encountered greater risks than did NSP personnel. The trial court correctly held that NSP and the firefighters were not engaged in a common activity and experiencing the same risks.

4. Respondent firefighters moved for partial summary judgment against NSP "on the issues of liability." The trial court ordered partial summary judgment "on the issue of liability." In a memorandum attached to its order, the trial court made it clear that respondents could invoke offensive collateral estoppel against appellant saying, "[n]o purpose would be served to relitigate NSP's liability in these actions." Appellant contends the trial court erred in applying offensive collateral estoppel because the issue in this case is neither identical to the issue litigated in the prior action nor necessary and essential to the prior judgment.

\* \* \* \* \* \*

5. Minn.Stat. § 176.061 (1982) provides in pertinent part:

Subdivision 1. **Election of remedies.** Where an injury or death for which benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of such injury or death that party was insured or self-insured in accordance with this chapter, the employee, in case of injury, or his dependents, in case of death, may proceed either at law against that party to recover damages or against the employer for benefits, but not against both.

Subd. 4. **Application of subdivisions 1, 2, and 3.** The provisions of subdivisions 1, 2, and 3 apply only where the employer liable for benefits and the other party legally liable for damages are insured or self-insured and engaged, in the due course of business in, (a) furtherance of a common enterprise, or (b) in the accomplishment of the same or related purposes in operations on the premises where the injury was received at the time thereof.

A basic prerequisite to the application of collateral estoppel is that the issue now involved is identical to one previously litigated. *See, e.g., Ellis v. Minneapolis Commission on Civil Rights,* 319 N.W.2d 702, 704 (Minn.1982); *Hauser v. Mealey,* 263 N.W.2d 803, 808 (Minn.1978). Respondents claim that the negligence of NSP and the city, and therefore the firefighters, has been fully and completely litigated in the prior action. Even were we to agree with respondents' contentions, we would be reluctant to allow the offensive use of collateral estoppel in the present case. Offensive use of collateral estoppel is generally inappropriate where the plaintiff seeking to collaterally estop a defendant could easily have joined in the earlier action against that defendant. *Parklane Hosiery,* 439 U.S. at 331, 99 S.Ct. at 651. If the issues presently being considered are, as respondents contend, identical to those previously litigated, respondents could easily have joined in the prior action and should have done so to avoid unnecessary relitigation of the issues, one factor now advanced by respondents as compelling offensive use of collateral estoppel.

Nevertheless, we find that the issue involved in this appeal—the liability of NSP to these plaintiffs—has never been litigated. The trial court in the prior action granted summary judgment against the City of St. Paul on the basis of the "fireman's rule" and hence never reached the issue of the negligence of NSP toward the firefighters. While it is true that as a general proposition NSP owed the duty to exercise reasonable care as not to harm tenants, occupants, owners, bystanders and firefighters, the extent of that duty differs both quantitatively and qualitatively when applied to firefighters as a class. As we discussed above, the "fireman's rule" relieved NSP of its duty of reasonable care toward firefighters with respect to reasonably apparent risks of firefighting. No such rule relieved NSP of its duty of rea-sonable care toward tenants, bystanders and owners. Thus, the finding that NSP was negligent toward these non-firefighter plaintiffs was based on a duty of care different from that owed to the firefighters. This is not to say that NSP cannot also be found negligent toward the firefighters. This determination, however, must be based on the duty of care owed to the firefighters and on all the facts surrounding the alleged breach of that duty.

Moreover, the question of whether NSP should be relieved of liability to the firefighters because of contributory negligence of the firefighters was never litigated in the prior action. Plaintiffs in the earlier action asserted that the firefighters were negligent in crowd control for failing to warn bystanders of possible injury. The trial court found that the firefighters "acted in a reasonable and prudent manner in their conduct while at the Commodore Hotel on February 15, 1978." Respondents now assert that this finding "fully and completely" resolves the issue of any possible negligence on the part of the firefighters. That finding, however, merely resolves the issue of the firefighters' negligence toward others; it does not answer the question whether the firefighters were negligent in their conduct toward themselves. Because a determination of ultimate liability cannot be made without proper apportionment of the causal negligence of each party involved, we conclude that NSP should be afforded an opportunity to present evidence of each firefighter's conduct which itself may have contributed to that firefighter's injuries.[6] Admittedly, we are troubled by the fact that NSP has failed to plead the affirmative defense of contributory negligence as required by Minn.R.Civ.P. 8.03, and we recognize that failure to plead an affirmative defense can result in waiver of that defense. Nonetheless, mindful of the liberal pleading rules, we conclude that because NSP has argued

---

**6.** The first trial was by the court without a jury. We have no assurance either that the same judge will hear this trial without a jury or that a jury will hear the evidence. In either event, even if NSP is found causally liable, the finder of fact might be called upon to apportion liability.

both before the trial court and on appeal for an opportunity to present evidence of the firefighters' contributory negligence it should at the very least be given an opportunity to move to amend its answer as it so desires.

Accordingly, we affirm the trial court's denial of appellant's motion for summary judgment. We affirm the trial court's ruling that the firefighters' claims are not barred by collateral estoppel but only to the extent those claims were not compensable under workers' compensation and, thus, not previously adjudicated by the City of St. Paul. We reverse the trial court's order ruling that as a matter of law the "fireman's rule" is inapplicable and its order granting respondents' motion for partial summary judgment on liability. We remand to the trial court for trial on liability and damage issues consistent with this opinion.

Affirmed in part, reversed in part and remanded.

COYNE, J., took no part in the consideration or decision of this case.