Kevin E. BURNS, Relator,

v.

COMMISSIONER OF REVENUE, Respondent.

No. A09–466.

Supreme Court of Minnesota.

Aug. 5, 2010.

Rehearing Denied Sept. 14, 2010.

Kevin Burns, Eden Prairie, MN, pro se.

Lori Swanson, Attorney General, Mark B. Levinger, Assistant Attorney General, St. Paul, MN, for respondent.

## OPINION

GILDEA, Chief Justice.

This is an appeal from the Minnesota Tax Court decision affirming the order of the Commissioner of Revenue that Kevin E. Burns reimburse the State of Minnesota for a homeowner property tax refund he improperly received for taxes assessed in 2003 and paid in 2004 on a property in Apple Valley, Minnesota. We affirm.[1]

On July 15, 2004, Kevin Burns applied under Minn.Stat. § 290A.04 (2008) for a refund of property taxes paid in 2004 on the Apple Valley property. Minnesota Statutes § 290A.04, subdivision 2, provides for a refund of property taxes paid to the extent those taxes exceed a certain percentage of the homeowner's household in-

come. To receive a property tax refund as a homeowner under Minn.Stat. § 290A.04, subd. 2, the property owner must, among other things, "have owned and occupied the homestead on January 2 of the year in which the tax is payable." *See also* Minn. Stat. § 290A.03, subd. 13 (2008) (defining "property taxes payable"); Minn.Stat. § 290A.04, subd. 2 (2008) (providing for a refund of property taxes payable).

In September 2004, the Department of Revenue (the Department) issued a property tax refund of $1,145, which Burns redeemed shortly thereafter. On October 3, 2006, the Department received from Burns another application for refund of property taxes. In this application, Burns claimed a property tax refund as a renter of a property in Richfield, Minnesota, from January 1, 2003, to December 31, 2003. *See* Minn.Stat. § 290A.04, subd. 2a (providing for a refund of "rent constituting property taxes" to the extent that such amount exceeds a percentage of the claimant's household income); Minn.Stat. § 290A.03, subd. 11 (defining "rent constituting property taxes"). The Department investigated and determined that Burns was not entitled to the refund he had received in September 2004, as the owner of a homestead in Apple Valley. The Department concluded that Burns was entitled to receive a $229 refund of property taxes as a renter, but was not entitled to a refund of property taxes paid on the Apple Valley property. Because the property tax refund issued to Burns with respect to the Apple Valley property exceeded that to which Burns was entitled by $916, the Department assessed that $916, plus inter-

---

1. Burns also filed a motion for an order vacating ab initio the order of the Minnesota Tax Court and the Dakota County District Court on constitutional grounds and on grounds of fraud and plain and fundamental error, and a motion for issuance of a writ of mandamus/prohibition to remedy defects of justice evident from the record. We deny all of the motions.

est, against Burns.[2]

■ Barbara Burns,[3] Kevin Burns' ex-wife, filed an administrative appeal on Burns' behalf. The Commissioner denied the administrative appeal, and Burns appealed the Commissioner's order to the Minnesota Tax Court. The tax court found that Burns neither owned nor occupied the Apple Valley property on January 2, 2004, and concluded therefore that he was not entitled to a refund under the relevant statute.[4] Accordingly, the tax court affirmed the Commissioner's Notice of Determination requiring Burns to reimburse the State of Minnesota for a portion of the property tax refund that Burns received. Burns challenges these findings on appeal and argues that he is entitled to retain the property tax refund he received in connection with the Apple Valley property.

■■ Our "[r]eview of Tax Court determinations is generally limited to determining whether there is sufficient evidence to support the Tax Court's decision." *Nagaraja v. Comm'r of Revenue,* 352 N.W.2d 373, 376 (Minn.1984). While our "review of questions of fact is limited," we have "plenary power with respect to questions of law." *Id.*

As noted above, to be eligible for a refund, a taxpayer must have "owned and occupied" the property "on January 2 of the year in which the tax is payable." Minn.Stat. § 290A.03, subd. 13. The tax court found that Burns neither owned nor occupied the Apple Valley property on January 2, 2004, the year in which the tax was payable. We have separately reviewed the tax court's determinations that Burns neither owned nor occupied the Apple Valley property, and we agree with the tax court that Burns failed to establish either element.

The tax court found that Burns did not own the Apple Valley property as of January 2, 2004. We agree. The record, including the Certificate of Title for the property, indicates that a junior creditor redeemed the Apple Valley property on June 19, 2003, following a mortgage foreclosure. On December 24, 2003, the Dakota County District Court held that Burns' mortgage on the Apple Valley property had been properly foreclosed and ordered that a new certificate of title be issued to the creditor who had redeemed the property.

Moreover, the issue of ownership of the Apple Valley property during the relevant period was fully and finally adjudicated by the Dakota County District Court in December 2003. The principle of collateral estoppel applies to preclude Burns from relitigating the matter in this court. *See Kaiser v. N. State Power Co.,* 353 N.W.2d 899, 902 (Minn.1984) ("Under collateral estoppel or 'issue preclusion,' once an issue is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different

**2.** The Department arrived at this amount as follows: $1145 (refund received as a homeowner) – $229 (refund due as a renter) = $916 (overpayment of 2003 property tax refund).

**3.** For clarity purposes, we refer to Kevin Burns as "Burns" and Barbara Burns as "Barbara.". Burns argues that Barbara should be treated as a party to these proceedings and moves to have the caption amended to include her. The tax court determined that Barbara was not a party and expressly stated that the record should "reflect that Kevin E. Burns is the only Appellant on this appeal." We affirm the tax court's determination that Barbara is not a party to this litigation and deny Burns' motion to amend the caption.

**4.** The tax court used January 2, 2004, because property taxes assessed in 2003 are payable in 2004.

cause of action involving a party to the prior litigation.").

■ The tax court also found that Burns did not occupy the Apple Valley property as of January 2, 2004. The tax court's determination that Burns did not occupy the Apple Valley property on January 2 is a question of fact. We review the factual determinations of the tax court for whether there is "sufficient evidence" to support the tax court's decision. *Nagaraja*, 352 N.W.2d at 376; *see also Sandberg v. Cmm'r of Revenue*, 383 N.W.2d 277, 283–84 (Minn.1986) ("When the evidence is such that the tax court could reasonably reach its determination, the decision will be affirmed."). Our careful review of the record establishes that there is sufficient evidence to support the tax court's determination that Burns did not occupy the Apple Valley property on January 2, 2004.

On December 24, 2003, the district court found "[t]hat the premises are vacant and unoccupied" and concluded that the foreclosure and sheriff sale that had taken place earlier was "according to law in every respect." The Certificate of Title for the Apple Valley property corroborates the district court's findings. It shows there was a foreclosure sale on December 5, 2002, and that the creditor redeemed the property on June 19, 2003.

Burns disagrees with the tax court's finding, arguing that "[t]he record is also completely devoid of any evidentiary support for the Commissioner's conclusion that Burns did not occupy the Property on January 2, 2004." Burns relies on two pieces of evidence for his argument that he occupied the Apple Valley property as of January 2, 2004. First, he points out that the record contains numerous references to mail directed by Minnesota courts to Burns addressed to the Apple Valley property. Second, he calls our attention to a December 31, 2003, letter written by the attorney for the creditor who redeemed the property to Burns in which the attorney threatened to remove Burns' furniture from the property and sell it at a sheriff's auction on January 23, 2004.

Burns' arguments do not support the conclusion that the tax court's finding on occupation lacks support in the record. Although there is evidence in the record that Burns continued to give the Apple Valley property as his address long after the foreclosure, there is also evidence that documents sent to Burns at this address were returned as undeliverable. Moreover, the fact that the creditor's attorney had trouble motivating Burns to remove personal property from the house on the Apple Valley property after the foreclosure does not establish that Burns continued to live in the house after the foreclosure. In fact, the December 31, 2003, letter from the creditor's attorney to Burns requesting that Burns come to the Apple Valley property to retrieve personal items suggests otherwise. Finally, on the Certificate of Rent Paid that Burns sent to the Department, Burns claimed to have lived in an apartment complex in Richfield from January 1, 2003, through December 31, 2003. All of this evidence supports the tax court's finding that Burns did not satisfy the statutory requirement of occupation.

Because Burns did not own and occupy the Apple Valley property on January 2, 2004, we hold that he was not entitled to a property tax refund.

Affirmed.

STRAS, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.