*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2075**

CitiMortgage, Inc.,
a New York corporation,
in relation to Certificate of Title No. 27046
issued for land in the County of Scott
and State of Minnesota
and legally described as follows:
Tract B, Registered Land Survey No. 131,
Scott County, Minnesota

**Filed August 24, 2015
Affirmed
Ross, Judge**

Scott County District Court
File Nos. 70-CV-14-510, 70-CV-13-23973

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants Kraus and Fox-Kraus)

Gerald G. Workinger, Jr., Usset, Weingarden & Liebo, PLLP, Minneapolis, Minnesota (for respondent CitiMortgage, Inc.)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

# UNPUBLISHED OPINION

**ROSS**, Judge

Norbert Kraus and Claire Fox-Kraus stopped making payments on a loan that they had secured by mortgaging their home, and the mortgage holder, CitiMortgage, foreclosed the mortgage in 2011. The Krauses sued CitiMortgage to invalidate the

foreclosure, but a federal district court dismissed their claims. The Krauses again attempted to attack the foreclosure in an eviction action in the state district court, and this court affirmed the district court's eviction decision. In this separate action in which CitiMortgage seeks an order to issue a new certificate of title, the Krauses make the same legal assertions that failed in the federal and state proceedings. Because res judicata bars them from making these assertions, we affirm the district court's order granting CitiMortgage's petition for a new certificate of title.

## FACTS

Norbert Kraus and Claire Fox-Kraus granted Mortgage Electronic Registration Systems, Inc. (MERS) a $455,000 mortgage interest in Scott County property in 2004. MERS assigned the mortgage to CitiMortgage, which recorded the assignment. The Krauses stopped making payments on the mortgage-secured loan. CitiMortgage foreclosed the mortgage by advertisement in September 2011, and the Scott County Sheriff sold the property to CitiMortgage for $501,331. CitiMortgage promptly recorded the sheriff's certificate of sale.

Rather than redeem the property, the Krauses filed a complaint against CitiMortgage in district court. They asserted 13 causes of action alleging that CitiMortgage was not a real party in interest and that CitiMortgage therefore lacked legal standing to foreclose the mortgage. Their central argument was that CitiMortgage lacked the legal capacity to foreclose because it did not have clear legal title to the original promissory note. CitiMortgage removed the case to federal court. The federal district court rejected the Krauses' legal theory because "a mortgagee with legal title is not

2

required to have any interest in the promissory note to foreclose by advertisement." *Kraus v. CitiMortgage, Inc.*, No. C. 11-3213, 2012 WL 1581113, at *3 (D. Minn. May 4, 2012) (citing *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500–01 (Minn. 2009)). The federal court dismissed the Krauses' claims with prejudice because they did not dispute that CitiMortgage was the record owner of the mortgage. That court also dismissed the complaint entirely because the Krauses failed to plead sufficient facts to support their claims. The Krauses appealed, and the court of appeals for the Eighth Circuit affirmed. *Kraus v. CitiMortgage, Inc.*, 513 Fed. App'x 624, 626 (8th Cir. 2013).

In late 2013, CitiMortgage began eviction proceedings against the Krauses in Minnesota district court. The district court granted summary judgment to CitiMortgage, and the Krauses were evicted from the residence in June 2014. The Krauses appealed, and we affirmed. *CitiMortgage, Inc. v. Kraus*, No. A14-0922, 2015 WL 134180, at *2 (Minn. App. Jan. 12, 2015).

Contemporaneous with the eviction proceedings, CitiMortgage petitioned the district court to cancel the Krauses' certificate of title and issue a new certificate in its favor. CitiMortgage moved for summary judgment on its certificate-of-title petition, and the district court granted CitiMortgage's motion. The Krauses appeal the summary judgment on CitiMortgage's petition.

## DECISION

The Krauses argue that CitiMortgage's foreclosure was invalid and that the district court therefore should have denied CitiMortgage's petition for a new certificate of title.

3

The district court granted summary judgment to CitiMortgage based on res judicata. The Krauses argue that res judicata does not bar their defenses. The argument fails.

The doctrine of res judicata prevents a party from raising a claim after there has been a final judgment on the merits on a previous claim involving the same set of factual circumstances and the same parties, if the estopped party had a "full and fair opportunity to litigate the matter." *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) (quotation omitted). We review the district court's application of res judicata de novo. *Id.*

The Krauses argue that *Kaiser v. Northern States Power Company* requires that a claim actually be litigated before res judicata can apply. 353 N.W.2d 899 (Minn. 1984). Their counsel asserted at oral argument that they lacked a full and fair opportunity to be heard because, he implied, the federal district court that decided the issues acted as a mere "kangaroo court." So as not to prejudice Mr. Butler's clients by his conduct, we do not address his disparaging reference to the federal district court except to say that we soundly reject the characterization. The substantive contention that the challenged issues must have been actually litigated before res judicata applies is simply misguided. Res judicata applies not only to issues actually litigated in a former action, but to issues that "*could have been litigated* in a former action." *Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 719 (Minn. 1987) (citing *Kaiser*, 353 N.W.2d at 902 (emphasis added)).

The Krauses alternatively contend that res judicata should not bar their defenses here because they allegedly lacked a full and fair opportunity to litigate in 2011. Their

4

counsel conceded at oral argument that federal courts provided "procedural due process all day long" and a "full and fair procedural opportunity" to litigate. He nonetheless asserted, "All that was litigated was the federal court's right and temporal power under *Iqbal-Twombly* to shred valid state-court complaints. [The federal courts] did that, and they did that really well. They took it, and they ran it through a shredder." The Krauses contend that the federal proceedings denied them a full and fair opportunity to litigate in three ways, which they argue was a denial of their right to "*substantive* due process."

They first maintain that the federal district court never reached the merits because it dismissed their claims without discovery. But dismissal with prejudice can be the basis for res judicata. *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989). It does not matter whether the merit-based federal-court dismissal with prejudice included actual discovery for two reasons. First, the Krauses do not assert that they lacked any due process to make discovery requests or to challenge unfavorable discovery rulings in federal court. Second, the federal court found that the matters that the Krauses sought to investigate in discovery were irrelevant to that court's assessment of the merits of the Krauses' legal claims. It decided, for example, that the case did not turn on whether CitiMortgage had legal title to the promissory note underlying the mortgage. The Krauses similarly complain that they were denied a chance to rebut the foreclosure documents in the record. But the Krauses did not dispute that CitiMortgage was the record owner of the mortgage. Nor did they allege specific facts demonstrating any defect in the mortgage instrument or in the assignment. The summary nature of the federal proceedings did not deny the Krauses a full and fair opportunity to litigate their foreclosure-related claims.

5

The Krauses maintain second that the federal district court did not give them a full and fair opportunity to litigate because the court did not address whether New York law governs certain issues. The argument is specious on three grounds. First, the Krauses fail to mention that their 28-page complaint failed to mention the supposedly controlling New York law. Second, "[R]es judicata prevents either party from relitigating claims arising from the original circumstances, even under new legal theories." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). And third, the Krauses also fail to mention that the New York caselaw that they now seek to rely on was overruled in New York. *Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178 (N.Y. App. Div. 2015).

The Krauses maintain third that the federal pleading standard is higher than Minnesota's and that, therefore, they were prevented full and fair adjudication of their claims. They correctly note that our supreme court has declined to adopt "the plausibility standard from *Twombly* and *Iqbal*." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). Under Minnesota pleading rules, a "claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Id.* But the differences between federal and state pleading standards seems to us irrelevant to the question of res judicata on the issues addressed on the merits because the strictness that applies to the opportunity to be heard does not undermine the fairness of the opportunity to be heard, and res judicata depends on fairness. The Krauses cite no authority suggesting that res judicata does not apply to claims that were dismissed with prejudice in

6

a court that has different pleading requirements than those of the state district court. And they fail to identify any *relevant* issue that they actually raised in federal district court that was left unaddressed.

The Krauses argue separately that the federal court has no jurisdiction over state Torrens property and that the federal court decision is therefore void. Res judicata applies if a claim has been decided "by a court of competent jurisdiction." *Kaiser*, 353 N.W.2d at 902. The Krauses cite Minnesota Statutes section 508.10, which gives Minnesota district courts exclusive jurisdiction over applications for *registration* of Torrens property. Minn. Stat. § 508.10 (2014). If the federal district court could not order the Scott County registrar of titles to issue a new certificate of title, they argue, then it also had no jurisdiction over the 2011 quiet-title action. But section 508.10 does not grant state district courts exclusive jurisdiction over all claims regarding real property, and the federal court did not need to issue an order to the registrar of titles to decide the Krauses' claims. Federal courts may, of course, generally decide state law claims. *Chicago & N.W.R. Co. v. Whitton*, 80 U.S. 270, 286 (1871). The Krauses present no meritorious argument that their 2011 claims were decided by a court that lacked competent jurisdiction.

The district court correctly determined that the Krauses' defenses are barred by res judicata.

**Affirmed.**

7