W. Eugene BRIDGEWATER, Appellee,

v.

Ron CAPLES, Appellant.

No. 93–3151.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1994.

Decided May 11, 1994.

---

Kimberly K. Sturzenegger, Lincoln, NE, argued (Richard L. Boucher, on the brief), for appellant.

A. James McArthur, Lincoln, NE, argued, for appellee.

Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

W. Eugene Bridgewater brought this action under 42 U.S.C. § 1983 against Ron C. Caples, a former deputy sheriff for Nemaha County, Nebraska, alleging that Caples had unlawfully arrested him without a warrant or probable cause. Caples appeals from the district court's denial of his summary judgment motion based on qualified immunity. We find that because Caples could reasonably have believed that he had probable cause to arrest Bridgewater, he is immune from suit. Accordingly, we reverse and remand.

## I.

In September 1990, Bridgewater's son, Kenneth, informed Caples and Deputy Sheriff Keith Helms that two men had planted marijuana on the Bridgewater farm about two to four years ago and that his father was aware of the marijuana. Caples and Helms inspected the Bridgewater farmstead and discovered six marijuana patches—one patch within 200 feet of the Bridgewater residence. The officers estimated that the smallest patch contained approximately 50 to 100 plants and that the largest patch contained more than 1000 plants. They observed that some plants had been cut below the leaf line and removed. They found trails running from the various patches to the Bridgewater residence and to other buildings on the farm. Aware that tenant farmers had worked the land in previous years, the officers observed that no crops had been planted in 1990.

Caples and Helms informed Drug Enforcement Administration Special Agents James McDowell and William Johannes about their investigation. Based primarily on the evidence discovered by Caples and Helms, McDowell obtained a warrant from a United States Magistrate Judge to search the Bridgewater farm for marijuana and other evidence of drug manufacturing and distribution. When the DEA agents, Caples, and several other officers arrived at the farm to execute the warrant, Bridgewater had already gone to work. Agent Johannes and Caples went to Bridgewater's work place. When they arrived, Johannes informed Bridgewater that the DEA had a search warrant for his farm. According to Caples, Johannes then asked Bridgewater if he wanted to be present during the search, whereupon Bridgewater voluntarily agreed to accompany them back to the farm. According to Bridgewater, on the other hand, either Johannes or Caples told him that he had to go with them back to the farm for the search. At any rate, Caples frisked and handcuffed Bridgewater and transported him in a police vehicle to the farm. During the search, the officers found marijuana in the Bridgewater home.

Bridgewater brought this section 1983 action against Caples for unlawfully arresting him. After some discovery, Caples moved for summary judgement, asserting that he was entitled to qualified immunity. Caples argued that assuming, *arguendo,* that he had arrested Bridgewater, he had probable cause to do so. The district court rejected this argument, stating that a question of fact existed on the issue of probable cause. Caples filed this interlocutory appeal pursuant to *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985).

## II.

A defendant is entitled to summary judgment if, viewing the evidence in the light most favorable to the plaintiff, the record reveals no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Cole v. Bone,* 993 F.2d 1328, 1331 (8th Cir.1993). Examining the evidence most favorably to Bridgewater, we must assume that Caples arrested Bridgewater when he handcuffed him and transported him to the farm.

Caples is immune from suit if " 'a reasonable officer could have believed [Bridgewater's arrest] to be lawful, in light of clearly established law and the information' " that Caples possessed. *Hunter v. Bryant,* —— U.S. ——, ——, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987)). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Id.* (quoting *Anderson,* 483 U.S. at 641, 107 S.Ct. at 3039). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " *Id.* —— U.S. at ——, 112 S.Ct. at 537 (quoting *Malley v. Briggs,* 475 U.S. 335, 343, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)).

In short, Caples is entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest Bridgewater. *Id.* Probable cause existed if "at the moment the arrest was made ... the facts and circumstances within [Caples's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that" Bridgewater had committed or was committing a narcotics offense. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964).

The district court noted that Caples himself did not believe that he had probable cause to arrest Bridgewater and that Caples had been informed that Bridgewater had not planted the marijuana. The proper inquiry, however, is not whether Caples actually had probable cause to arrest Bridgewater, but, as stated in *Hunter,* whether a reasonable officer could have believed that he had probable cause to do so. This inquiry is one of law, not fact, that should be decided at the earliest possible stage of litigation. *Hunter,* —— U.S. at —— ——, 112 S.Ct. at 536–37; *Ripson v. Alles,* 21 F.3d 805, 807, 808 (8th Cir.1994).

■ That Caples himself did not believe that he had probable cause to arrest Bridgewater is immaterial to our analysis. As discussed above, an officer is shielded by qualified immunity if his conduct was objectively reasonable; an officer's subjective beliefs are not relevant to qualified immunity analysis. *Anderson,* 483 U.S. at 641, 107 S.Ct. at 3039–40; *Harlow v. Fitzgerald,* 457 U.S. 800, 815–19, 102 S.Ct. 2727, 2736–39, 73 L.Ed.2d 396 (1982); *see also Warren v. City of Lincoln, Neb.,* 864 F.2d 1436, 1439–40 (8th Cir.1989) (stating that even if an arresting officer believed that he did not have probable cause to arrest, a court may find that he did).

■ Although Caples had been informed that Bridgewater had not planted the marijuana, Caples could have reasonably believed that Bridgewater was now harvesting the marijuana or knowingly allowing someone else to harvest it. Caples had good reasons to believe that Bridgewater knew about the marijuana patches: Bridgewater's son had said that his father was aware of the marijuana; one patch was within 200 feet of the Bridgewater home; and trails ran from the

patches to the Bridgewater residence and other buildings on the farm. Additionally, having observed that some of the plants had been cut below the leaf line, Caples had reason to suspect that someone had been harvesting the marijuana. Caples also knew that Bridgewater had not had tenant farmers plant crops on the farmstead as in previous years, evidence from which Caples could have reasonably inferred that Bridgewater wanted to conceal the marijuana plants. We also note that Caples was aware that, as a result of his and Helms's investigation, the DEA had obtained a warrant to search the farm. In light of these facts, we find that an officer in Caples's position could reasonably have believed that he had probable cause to arrest Bridgewater.

The order denying summary judgment is reversed, and the case is remanded to the district court for entry of a judgment of dismissal.