26 F.3d 77
 38 ERC 2133, 24 Envtl. L. Rep. 21,079
 STATE OF NEBRASKA, ex rel. E. Benjamin NELSON, Governor, Appellant,
v.
CENTRAL INTERSTATE LOW-LEVEL RADIOACTIVE WASTE COMMISSION;
U.S. Ecology, Inc., a California Corporation, Appellees.
 No. 93-3724.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1994.
Decided June 13, 1994.
 
 Linda L. Willard, Lincoln, NE, argued, for appellant.
 Alan E. Peterson, Lincoln, NE, argued, for appellees.
 Before McMILLIAN and WOLLMAN, Circuit Judges, and NANGLE,* Senior District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 The State of Nebraska ("the State") appeals from the district court's[1] order granting summary judgment in favor of the Central Interstate Low-Level Radioactive Waste Commission ("the Commission") and U.S. Ecology, Inc., a California corporation. We affirm.
 
 I.
 
 2
 The Low-Level Radioactive Waste Policy Act, enacted in 1980, permits states to "enter into such compacts as may be necessary to provide for the establishment and operation of regional disposal facilities for low-level radioactive waste." 42 U.S.C. Sec. 2021d(a)(2). Pursuant to the Act, Arkansas, Kansas, Louisiana, Nebraska, and Oklahoma entered into the Central Interstate Low-Level Radioactive Waste Compact[2] ("the Compact"), and Congress approved the Compact, 42 U.S.C. Sec. 2021d note.[3] The purpose of the Compact is to protect the health, safety, and welfare of the citizens and the environment, to provide a framework for effective and efficient management of low-level radioactive waste, and to distribute among the member states the costs of disposing of such waste. The Commission, established by the Compact, is the entity responsible for carrying out the Compact's purpose. Specifically, the Compact requires the Commission to develop and operate a disposal facility for low-level radioactive waste generated within the member states.
 
 
 3
 In late 1987, the then governor of Nebraska, Kay Orr,[4] believed that Nebraska would probably be chosen as the host state for the disposal facility. She therefore proposed conditions that would have to be met before a facility could be located in Nebraska, and the Commission adopted the conditions. One of the conditions provided that a disposal facility would not be located in a community without that community's consent. In December 1987, the Commission selected Nebraska as the host state.
 
 
 4
 Soon thereafter, the Commission contracted with U.S. Ecology to develop and operate the facility. U.S. Ecology then began the process of selecting a site in Nebraska for the facility, conducting preliminary feasibility studies in those areas for which it received a formal request from both the community and respective county. Based upon its preliminary studies, U.S. Ecology selected three potential sites for detailed site-characterization and suitability studies. For each of the three sites, the major community located within the zone of potential environmental impact had in place a resolution supporting a nearby disposal facility.
 
 
 5
 On December 29, 1989, U.S. Ecology sent a letter to the chairperson of the Butte Village Board of Trustees informing him that U.S. Ecology had selected a site in Boyd County near the Village of Butte as its preferred site.
 
 
 6
 On February 6, 1990, Norman W. Thorson, who was then the chairperson of the Commission, sent a letter to the members of the Nebraska legislature stating, "So that there will be no possible misunderstanding of the Commission's or the Developer's intentions, the Commission has directed U.S. Ecology to file a Notice of Final Selection with the Clerk of the Legislature, which notice will clearly identify the Butte site as the only site under consideration." Thorson sent a copy of the letter to Governor Orr, to the other Commissioners, and to the Compact's executive director. Approximately a week later, U.S. Ecology filed with the Nebraska legislature a document entitled "Notice of Final Selection." The document stated, "At the direction of the ... Commission (per its letter of February 6, 1990), U.S. Ecology hereby formally provides notice to the Nebraska Unicameral that the selection of the Butte site is the final site selected for license application.... I trust that this Notice of Final Selection clearly sets forth U.S. Ecology's intent and resolves any remaining questions concerning the finality of the Butte site selection decision."
 
 
 7
 In July 1990, U.S. Ecology submitted to the Nebraska Department of Environmental Control (now known as the Nebraska Department of Environmental Quality) an application for a license to construct and operate a regional disposal facility at the Boyd County site.
 
 
 8
 Nebraska law does not require or authorize a vote of any kind as a measure of community consent, and Governor Orr, who originated the concept, anticipated that community consent would be determined through the actions of locally elected officials. On December 8, 1992, however, the Boyd County Local Monitoring Committee conducted an informal poll to determine whether the community supported the construction of a disposal facility at the selected site. A majority of those responding to the poll opposed construction of the facility in Boyd County. On January 12, 1993, the Board of Trustees of the Village of Butte passed a resolution reaffirming its support for a disposal facility in Boyd County. The next day, the State filed this action, alleging that the Commission and U.S. Ecology had not complied with the community consent requirement before making the final site selection. Finding that the action was barred by the applicable limitations period as well as by the equitable doctrines of estoppel and laches, the district court granted the defendants' motions for summary judgment. State ex rel. Nelson v. Central Interstate Low-Level Radioactive Waste Comm'n, 834 F.Supp. 1205 (D.Neb.1993).
 
 II.
 
 9
 We review de novo a grant of summary judgment. Walker v. National City Bank of Minneapolis, 18 F.3d 630, 631 (8th Cir.1994). We must determine whether the record, when examined in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Bridgewater v. Caples, 23 F.3d 1447, 1448 (8th Cir.1994).
 
 
 10
 Article IV, paragraph l of the Compact states that "a party state aggrieved by a final decision of the commission may obtain judicial review of such decisions in the United States District Court in the district wherein the commission maintains its headquarters by filing in such court a petition for review within sixty days after the commission's final decision."
 
 
 11
 Although the State did not file this action until January 13, 1993, almost three years after the legislature had been formally notified that the disposal facility would be located in Boyd County, it argues that the sixty-day limitation period does not bar the action, contending that there is no evidence that the Commission made a final decision regarding site selection.[5]
 
 
 12
 The State argues that Chairperson Thorson's letter and U.S. Ecology's notice of site selection did not constitute binding decisions of the Commission and therefore did not trigger the sixty-day limitation period. Article IV, paragraph b of the Compact provides that "no action of the commission shall be binding unless a majority of the total membership casts its vote in the affirmative." Whether the letter or notice can constitute a binding Commission decision, however, is not the issue. Rather, the question is whether the record, which includes the letter and notice, shows that there is no genuine issue of fact that the Commission had made a final decision. Even if we assume that the letter and notice cannot constitute a binding Commission decision, the contents of the two documents, which are undisputed, indicate that the Commission, not the authors of the documents, made the final site selection. Chairperson Thorson sent a copy of his February 6 letter to all of the other commissioners, and there is no evidence that any of them objected to its contents. In fact, the State submitted no evidence that a majority of the Commission did not support the selection of the Boyd County site. A party opposing a summary judgment motion cannot simply rely on allegations, but must come forward with specific evidence establishing that there is a genuine issue fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
 
 
 13
 Thorson's letter and U.S. Ecology's notice indicate that the Commission's selection of the Boyd County site was its final decision. "The cases dealing with judicial review of administrative actions have interpreted the 'finality' element in a pragmatic way." Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1516, 18 L.Ed.2d 681 (1967). In deciding whether an agency's action is final, the "core question is whether the agency has completed the decisionmaking process." Franklin v. Massachusetts, --- U.S. ----, ----, 112 S.Ct. 2767, 2773, 120 L.Ed.2d 636 (1992); see also Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 808 F.Supp. 1474, 1480-81 (D.Nev.1992) (finding that because the policy and effect of an agency's temporary resolution is clear, the resolution is a final action for purposes of a compact's sixty-day limitation period). The language of Thorson's letter and U.S. Ecology's notice of final selection leave no doubt that the Commission's site selection process had been completed. Both documents indicate that the Butte site in Boyd County was the Commission's final selection. After the Commission directed U.S. Ecology to inform the Nebraska legislature of the final site selection, the Commission had nothing left to do. Pursuant to Article V, paragraph f of the Compact, the Boyd County site would become the regional disposal facility upon issuance of a license by the State. Accordingly, we conclude that there is no genuine issue of fact as to whether the Commission made a final decision.
 
 
 14
 The State argues that even if its action against the Commission is barred by the Compact's sixty-day limitation period, its action against U.S. Ecology is not time barred because the Compact's limitation period applies only to actions against the Commission.[6] The language of the Compact, however, does not support the State's argument. Article IV, paragraph l provides that the sixty-day limitation period applies to all actions by "[a]ny person or party state aggrieved by a final decision of the commission." Thus, the application of the sixty-day limitation period is determined by the nature of the plaintiff's claim rather than by the identity of the defendant. The essence of the State's action against U.S. Ecology is a challenge to the Commission's site selection and thus is barred by the Compact's limitation period. See American Hotel Management Assocs. v. Jones, 768 F.2d 562, 568 (4th Cir.1985) (stating that courts applying a statute of limitations look at the nature of the plaintiff's claim rather than the form of the action or relief demanded); Dolmetta v. Uintah Nat'l Corp., 712 F.2d 15, 19 (2d Cir.1983) (same). The State's action was filed on January 13, 1993, but the State was formally notified of the Commission's decision in February 1990, almost three years earlier. Accordingly, the district court properly held that the State's action was barred by the Compact's sixty-day limitation period.
 
 
 15
 Having decided that the district court properly held that the State's action was time barred, we need not consider the district court's alternative holding that the State's action was barred by the equitable doctrines of estoppel and laches.
 
 
 16
 The judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 The Compact appears in Volume 2A of the Revised Statutes of Nebraska at Appendix BB
 
 
 [3]
 For the background of the Compact, see Concerned Citizens of Nebraska v. United States Nuclear Regulatory Commission, 970 F.2d 421 (8th Cir.1992)
 
 
 [4]
 At the time that the State filed this action, E. Benjamin Nelson was the governor of Nebraska. He was elected in November 1990 and began serving a four-year term in January 1991
 
 
 [5]
 The State conceded during oral argument that if we were to agree that the Commission has not made a final decision, the case would not be ripe for decision
 
 
 [6]
 Despite its contention that the Compact's limitation period does not apply to its action against U.S. Ecology, the State does not suggest what limitation period should apply