15-46-cr
United States v. Mitchell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee,*

             v.                                            15-46-cr

RONALD MITCHELL,

                     *Defendant-Appellant.*[1]

_____

Appearing for Appellant:     Jillian S. Harrington, Monroe Township, NJ.

Appearing for Appellee:      Monica J. Richards, Assistant United States Attorney,
                             (Joseph K. Karaszewski, *on the brief*), *for* William J. Hochul, Jr.,
                             United States Attorney for the Western District of New York.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Ronald Mitchell appeals from his conviction for conspiracy to possess with intent to distribute and to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, following a jury trial in the United States District Court for the Western District of New York (Arcara, *J.*). On appeal, Mitchell contests the sufficiency of the evidence supporting his conviction, argues the district court erred in permitting two government witnesses to provide lay opinion testimony, and asserts that the district court erred in declining to provide a "multiple conspiracies" jury charge as requested by Mitchell. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.  Sufficiency of the Evidence

"We review *de novo* a challenge to sufficiency of the evidence." *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000). A defendant who seeks to overturn a conviction on sufficiency grounds faces a heavy burden. *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004). The test for sufficiency of the evidence is "whether a rational jury could conclude beyond a reasonable doubt that a defendant is guilty of the crime charged." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008). A jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We assess the evidence "in the light most favorable to the government, crediting all inferences in its favor," *United States v. Berger*, 224 F.3d 107, 116 (2d Cir. 2000), and "[a]ll issues of credibility, including the credibility of a cooperating witness, must be resolved in favor of the jury's verdict," *United States v. Riggi*, 541 F.3d 94, 108 (2d Cir. 2008).

Mitchell's principal argument is that the Government did not prove that he was a member of the alleged conspiracy. To prove that a defendant was a member of a conspiracy, the government must prove beyond a reasonable doubt that the "defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the object of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) (internal quotation marks omitted). "[M]ere association with those implicated in an unlawful undertaking is not enough to prove knowing involvement." *United States v. Nusraty,* 867 F.2d 759, 764 (2d Cir.1989). "Evidence tending to show knowing participation in the conspiracy is also needed, *i.e.*, facts sufficient to draw a logical and convincing connection between circumstantial evidence of an agreement, and the inference that an agreement was in fact made." *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) (citations and internal quotation marks omitted). The government, however, need not prove that a defendant knew all of the conspirators or knew all the details of the conspiratorial scheme. *See United States v. Downing*, 297 F.3d 52, 57 (2d Cir. 2002). The government may rely on circumstantial evidence to prove a defendant's participation in the conspiracy. *See United States v. Wexler,* 522 F.3d 194, 208 (2d Cir. 2008).

Mitchell asserts the evidence demonstrated at most that Mitchell was acquainted with Javier Santiago, a person who was involved in the alleged conspiracy, but did not establish that Mitchell was himself a member of the alleged conspiracy. Mitchell's argument turns largely on

2

the credibility of the testimony of Santiago and jailhouse informant Timothy Ernle. Santiago's and Ernle's testimony, buttressed by court-ordered wiretaps in which Santiago and Javier Navarro mentioned Mitchell's name, provide ample evidence of Mitchell's role in the conspiracy. Mitchell assails Santiago as "hardly a person upon whose testimony the Government should be relying to send a man to prison for seven years." Appellant's Br. at 24. Similarly, Mitchell challenges Ernle's credibility, noting that he is a "serial bank robber who admitted that his goal in testifying against Mr. Mitchell was to get out of jail sooner." Appellant's Br. at 26. Even if we agreed with Mitchell that there was reason to doubt the credibility of Santiago's and Ernle's testimony, "the credibility of witnesses is the province of the jury, and [this Court] simply cannot replace the jury's credibility determinations with [its] own." *United States v. James*, 239 F.3d 120, 124 (2d Cir. 2000). Further, this court must "credit[] every inference that the jury might have drawn in favor of the government," *United States v. Temple*, 447 F.3d 130, 136-37 (2d Cir. 2006) (internal quotation marks omitted), because "the task of choosing among competing, permissible inferences is for the [jury], not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001). The time to impeach the credibility of witnesses was at trial, not on appeal.

## II. Lay Opinion Testimony

This Court reviews a district court's evidentiary decisions for abuse of discretion, and will reverse only in instances of "manifest error." *United States v. Miller*, 626 F.3d 682, 687-688 (2d Cir. 2010). A lay witness's testimony "in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[W]here a witness derives his opinion solely from insider perceptions of a conspiracy of which he was a member, he may share his perspective as to aspects of the scheme about which he has gained knowledge as a lay witness subject to Rule 701, not as an expert subject to Rule 702." *United States v. Yannotti*, 541 F.3d 112, 126 (2d Cir. 2008).

Mitchell objects to portions of the testimony of two government witnesses: New York State Police Investigator Shales Caicedo and cooperating co-defendant Javier Santiago. In relevant part, Caicedo testified about the wiretap law enforcement officials had obtained on Javier Navarro's phone. Purportedly to lay the evidentiary foundation for the admission of the wiretapped conversations, the prosecutor asked Caicedo, "[W]ere you able to determine that there was a conspiracy in place with individuals and Javier Navarro?" Gov't App'x at 30. Mitchell's counsel objected, asserting that Caicedo was being "asked to render an opinion on one of the ultimate issues in this case." Gov't App'x at 30. The court overruled the objection and permitted the admission of Caicedo's testimony.

This portion of Caicedo's testimony fails at least two of the foundational requirements of Rule 701. We have held that it is "error to allow law enforcement witnesses to express opinions as to defendants' culpability based on the totality of information gathered in the course of their investigations" because "when an agent relies on the 'entirety' or 'totality' of information gathered in an investigation to offer a 'lay opinion' as to a person's culpable role in a charged crime, he is not presenting the jury with the unique insights of an eyewitness's personal

perceptions." *United States v. Garcia*, 413 F.3d 201, 211-12 (2d Cir. 2005). Because it is evident that Caicedo's conclusion that Navarro was a member of a conspiracy was based on the entirety of information collected by himself as well as other investigators, his testimony was not rationally based on his own perception.

Further, jurors are not "helped" within the meaning of Rule 701(b), by opinion testimony that, in addition to telling them "what was in the evidence," also tells them "what inferences to draw from it." *United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004). Moreover, "it is generally viewed as improper . . . for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury." *Garcia,* 413 F.3d at 214 (alteration in original) (internal quotation marks omitted). "[W]hen a jury hears that an agent's opinion is based on the total investigation, there is a risk that it may improperly defer to the officer's opinion, thinking his knowledge of pertinent facts more extensive than its own." *Id.* at 215.

But although we determine that this portion of Caicedo's testimony was inadmissible under Rule 701, we cannot find that it likely had "substantial and injurious effect or influence" on the jury's verdict. *United States v. Dukagjini*, 326 F.3d 45, 62 (2d Cir. 2003) (internal quotation marks omitted). Given the rest of the evidence presented at trial—which included the wiretapped conversations, video surveillance, and the testimony of a cooperating co-defendant—the case against Mitchell was overwhelming. Thus, we conclude this "single evidentiary error" is harmless and is not grounds for reversal of Mitchell's conviction. *See Garcia*, 413 F.3d at 217.

Mitchell also objects to the testimony of cooperating co-defendant Javier Santiago, who testified that the amount of cocaine that Mitchell purchased likely was not purchased for personal use. We find that this testimony satisfies all the foundational requirements of Rule 701. Mitchell asserts that the testimony was based on scientific, technical, or other specialized knowledge. But given the increasingly large and frequent purchases of cocaine, even the average person could confidently express the opinion that Mitchell was not purchasing cocaine solely for personal use.

### III. The Multiple Conspiracies Jury Charge

We "review a claim of error in jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). When a district court declines to deliver a requested instruction, a defendant bears the "heavy burden" of showing that the charge given was prejudicial. *United States v. Feliciano*, 223 F.3d 102, 116 (2d Cir. 2000). "A conviction will not be overturned for refusal to give a requested charge . . . unless that [requested] instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *United States v. Holland*, 381 F.3d 80, 84 (2d Cir. 2004) (alterations in original) (internal quotation marks omitted).

In his proposed supplemental jury instructions, Mitchell's counsel included the following instruction:

4

Should the evidence at trial indicate that multiple conspiracies (separate unlawful agreements to achieve separate purposes) [existed] then the jury should be instructed to find Mr. Mitchell not guilty if a series of separate conspiracies existed between him and Javier Navarro and/or Javier Santiago rather than the conspiracy alleged in Count 4 of the Indictment.

Dist. Ct. Dkt. 649 at 2. "[I]f only one conspiracy has been alleged and proved[,] the defendant[] [is] not entitled to a multiple conspiracy charge." *United States v. Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990) (internal quotation marks omitted). A multiple conspiracies charge is warranted if the defendant shows both that "there was evidence of separate networks operating independently of each other" and that the defendant "suffered substantial prejudice resulting from the failure to give the requested charge." *United States v. Cusimano*, 123 F.3d 83, 89 (2d Cir. 1997) (internal quotation marks omitted). Here, even assuming that refusal to give the instruction was error, Mitchell has failed to show that he suffered prejudice.

We have considered the remainder of Mitchell's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk